UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
S.H.,

Civil Action No.: 3:26-cv-01412-AJB-ML

Plaintiff,

-against-

EDUCATION PLUS CORPORATION d/b/a
FAMILY FOUNDATION SCHOOL, et al.,

Defendants.
-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND TO SEAL**

**PRELIMINARY STATEMENT**

Plaintiff "S.H.", by her attorneys Johannesen & Umana, P.C., respectfully submits this Memorandum of Law in support of her motion, made pursuant to the Court's Order of July 22, 2026, for an Order under Federal Rules of Civil Procedure 10(a) and 5.2 and the standard set forth in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008): (i) permitting Plaintiff to proceed under the pseudonym "S.H."; (ii) directing the Clerk of Court to seal or restrict public access to any document in the record bearing Plaintiff's true name; and (iii) permitting all parties to refer to Plaintiff solely by her pseudonym in all public filings. Plaintiff will disclose her true identity to the Court under seal and to Defendants pursuant to a confidentiality agreement.

The Court's July 22, 2026 Order permitted this issue to be resolved by stipulation or by motion. Plaintiff pursued a stipulation and was unable to obtain the agreement of all parties, principally because one Defendant group is unwilling to stipulate to any facts concerning Plaintiffs or their claims and because most parties have not yet appeared. Plaintiff therefore proceeds by motion.

Notably, no Defendant has advised that it opposes the relief sought: the Village of Hancock and Village of Hancock Police Department Defendants have stated that they have no objection, and the NBT Bank Defendants have indicated that they will most likely not oppose while reserving their rights.

**STATEMENT OF FACTS**

On July 21, 2026, Plaintiff commenced this action asserting claims arising from sexual abuse, sex trafficking, forced labor, and child trafficking committed against her while she was a minor confined at the Family Foundation School ("FFS") in Hancock, New York. The facts are set forth more fully in the Verified Complaint and in the accompanying affidavit of Luis A. Umana, Esq. ("Umana Aff.").

Plaintiff is an adult and has proceeded under the pseudonym "S.H." since the commencement of this action; no public filing bears her true name. (Umana Aff. ¶ 3.) Plaintiff is beginning an education program and will shortly be applying for internships and employment in a market in which prospective employers routinely search applicants' names online. (Umana Aff. ¶ 4.) The conduct underlying this action has already been the subject of substantial press coverage, including coverage of the February 2025 federal criminal trial and subsequent twenty-seven-year sentence of Paul Geer, and of related civil actions pending in this and other districts. (Umana Decl. ¶ 5.)

By Order dated July 22, 2026, the Court directed the parties to address the *Sealed Plaintiff* factors by stipulation or motion no later than September 8, 2026. (Umana Aff. ¶ 6.) The parties' efforts to stipulate, and the reasons those efforts did not result in full agreement, are set forth at Umana Aff. ¶ 7.

# ARGUMENT

## PLAINTIFF SHOULD BE PERMITTED TO PROCEED UNDER A PSEUDONYM

Rule 10(a) requires that a complaint name all parties, a requirement that serves the public's presumptive right of access to the courts. *See United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 23 (2d Cir. 1984). Courts nonetheless retain discretion to permit a party to proceed under a pseudonym where the party's interest in anonymity outweighs the public's interest in disclosure and any prejudice to the defendant. *Sealed Plaintiff*, 537 F.3d at 189; *Doe v. City of New York*, 201 F.R.D. 100, 101 (S.D.N.Y. 2001). The Second Circuit has identified ten non-exhaustive factors guiding that balancing. 537 F.3d at 189–90; *see Doe v. Del Rio*, 241 F.R.D. 154, 156–57 (S.D.N.Y. 2006); *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 224 (S.D.N.Y. 2015). No factor is dispositive. The factors weigh decisively in favor of anonymity here.

**First**, the allegations are of an extraordinarily sensitive and intensely personal character. This action arises from the sexual abuse, sex trafficking, and forced labor of Plaintiff while she was a minor. Courts in this Circuit have consistently recognized that allegations of sexual assault and abuse are paradigmatic of the highly sensitive and personal matters warranting pseudonymous litigation. *See, e.g., Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195–96 (E.D.N.Y. 2006).

**Second and third**, identification poses a concrete risk of serious harm. The underlying events have already generated ongoing press coverage, including coverage of the federal criminal conviction of Paul Geer and of related civil actions in this and other districts. If Plaintiff's name becomes publicly linked to these allegations, that association will be permanent, searchable, and immediately visible to her community and to future employers, exposing her to stigma and re-

traumatization. For Plaintiff, who is beginning her education and entering the internship and employment market, that permanent association would attach at the precise moment she is building her academic and professional record, and would be visible to every prospective employer who searches her name. The privacy interest Plaintiff seeks to vindicate is in substantial part the very interest that public identification would destroy.

**Fourth**, Plaintiff is particularly vulnerable. Although she is now an adult, she was a minor in Defendants' custody at the time of the abuse alleged, a circumstance the Second Circuit has expressly identified as heightening vulnerability. *Sealed Plaintiff*, 537 F.3d at 190; see also Fed. R. Civ. P. 5.2(a)(3) (reflecting the federal policy of protecting the identities of minors in court filings). The sensitivity of that information does not evaporate when the child reaches majority.

**Fifth**, this suit is directed principally at private parties, the operators of a private residential school, private individuals, and private institutions. Plaintiff acknowledges that certain municipal and county Defendants are governmental actors in whose conduct the public retains a substantial interest. That interest is unimpaired by the relief sought: Plaintiff seeks anonymity only as to her own name, while the identities of every Defendant, the conduct alleged against them, and every substantive filing remain fully public.

**Sixth**, Defendants will suffer no prejudice. Plaintiff has offered, and will provide, her true identity to Defendants' counsel under a confidentiality agreement. (Umana Aff. ¶ 7.) Defendants will be able to conduct conflicts checks, investigate, take discovery, and litigate on the merits without restriction; only the public docket is affected. That this arrangement is workable is confirmed by the parallel action in the Southern District of New York, where the same institution and many of the same Defendants are sued by an adult plaintiff proceeding under a pseudonym, and where no defendant objected. *See V.P. v. Education Plus Corp.*, No. 1:26-cv-05250 (LJL) (S.D.N.Y.);

(Umana Aff. ¶ 8). To the extent any question of prejudice arises later, Defendants may seek modification for good cause, and the Court retains authority to revisit the issue.

**Seventh**, Plaintiff's identity has been kept confidential to date. She commenced this action pseudonymously at the outset, and no public filing bears her true name.

**Eighth and ninth**, the public's legitimate interest in this litigation lies in the alleged conduct of Defendants, the operation of a residential institution for minors and the response of the institutions that should have checked it, not in the identity of a survivor of childhood sexual abuse and trafficking. That interest is fully served by open proceedings conducted under a pseudonym.

**Tenth**, no alternative mechanism short of pseudonymity would adequately protect Plaintiff. Once her name appears on the public docket in connection with these allegations, the harm is irreversible. The mechanism Plaintiff proposes is the least restrictive available: full disclosure to Defendants' counsel, with withholding only from the public caption and public filings, and redaction in compliance with Fed. R. Civ. P. 5.2 and N.D.N.Y. Local Rule 5.2.

For the same reasons, the Court should direct that any document in the record bearing Plaintiff's true name be sealed or restricted from public access. The presumption of public access may be overcome where, as here, the relief is narrowly tailored to protect the identity of a victim of childhood sexual abuse and trafficking while the substance of the record remains fully open. Any such application will be made in accordance with N.D.N.Y. Local Rule 5.3.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (i) permitting Plaintiff to proceed in this action under the pseudonym "S.H."; (ii) directing the Clerk of Court to seal or restrict public access to any document in the record bearing Plaintiff's true

name; (iii) permitting all parties to refer to Plaintiff solely by her pseudonym in all public filings; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: Brooklyn, New York
September 8, 2026

Respectfully submitted,

JOHANNESEN & UMANA, P.C.

By: ______________________________

Luis A. Umana, Esq.
Attorneys for Plaintiff
68 Jay Street, Suite 225
Brooklyn, New York 11201
P: (917) 757-2244
luisumana@esjlaw.info